IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BUSINESS LOAN CENTER, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0033-P-L |
| | ) | |
| F/V OUR PRIDE, *in rem*, | ) | ADMIRALTY (*in rem*) |
| | ) | |
| Defendant. | ) | |

ORDER OF DISMISSAL

Pending before this court is plaintiff's Notice of Dismissal (doc.24). Plaintiff states that this action "has been fully settled, satisfied and compromised, [and] this matter should be dismissed." Id.

The F/V OUR PRIDE, Official Number 1123755 ("the Vessel") was the security underlying a Preferred Ship Mortgage issued by plaintiff Business Loan Center, L.L.C., and is the subject of this maritime attachment brought pursuant to 28 U.S.C. § 1333, under Rule 9(h) of the Federal Rules of Civil Procedure (doc.1). Plaintiff claims that the mortgagee breached the terms of the Mortgage by failing to pay the required installments (doc.1, ¶6).

On January 26, 2005, a Warrant for the arrest of the Vessel issued (docs.7-8), and a substitute custodian was named, Gazzier Shipyard, Inc. (doc.9). On March 21, 2005, plaintiff, pursuant to Fed.R.Civ.P.Supp. Admiralty Rule C(4), filed Notice of no other undischarged liens or other mortgages on the Vessel (doc.14).

On March 28, 2005, the court ordered the interlocutory sale of the Vessel (doc.16), and a

Writ of Venditioni Exponas was issued (doc.17). The required advertisement of the sale was conducted (doc.18).

On April 27, 2005, the Vessel was sold at auction to plaintiff for $1,000.00, with a commission in the amount of $100.00 due the U.S. Marshal Service (doc.21).

On May 4, 2005, this court issued an Order Confirming Sale and Release of Vessel (doc.20). The Bill of Sale was issued on May 2, 2005, reflecting that the Vessel was sold "free and clear of all encumbrances and liens" (doc.22).

On May 11, 2005, the Clerk issued a directive to the substitute custodian, pursuant to Local Admiralty Rule 8, "to send written notice within five (5) days to all persons known... to have claims for charges incurred while the [V]essel was in the custody of the court, and... to notify such persons of the necessity of filing claims within ten (10) days..." (doc.23). No claims have been filed.

Accordingly, with the sale of the Vessel confirmed, and with no other claims regarding the Vessel having been filed, it is ORDERED that this action be and is hereby DISMISSED with prejudice pursuant to Fed.R.Civ.P.41(a)(2).

DONE this 30th day of June, 2005.

    S/Virgil Pittman
    SENIOR UNITED STATES DISTRICT JUDGE